UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GAIL A. GRACE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4563-B |
| | § | |
| EVERHOME MORTGAGE | § | |
| COMPANY, FEDERAL NATIONAL | § | |
| MORTGAGE ASSOCIATION, and | § | |
| HUGHES WATTERS ASKANASE | § | |
| LLP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

In its Memorandum Opinion and Order (Doc. 61), issued on September 2, 2015, the Court granted Defendants EverBank's and Federal National Mortgage Association's (Fannie Mae) Motion for Summary Judgment (Doc. 30) with respect to Plaintiff Gail A. Grace's claims for breach of contract, declaratory judgment, and injunctive relief. Doc. 61, Mem. Op. & Order. The Court denied summary judgment as to Grace's quiet title and trespass to try title claims, but granted Defendants leave to supplement their Motion on those issues. *Id.* 9–10. Before the Court is the Defendants' supplement (Docs. 62, 63), as well as Grace's response (Doc. 64) and Defendants' reply (Doc. 65). For the reasons that follow, the Court **GRANTS** Defendants' supplemented Motion for Summary Judgment.

I.

BACKGROUND

The Court has previously recounted the factual and procedural background of this case at

length. *See* Doc. 61, Mem. Op. & Order 1–5. To briefly summarize, this case is the result of the second of two foreclosures on real property located at 3208 Cole Avenue, Unit 2305, Dallas, Texas 75204 (the "Property"). After the first foreclosure and accompanying sale—conducted pursuant to a note executed by Grace—EverBank and Grace entered into a Rule 11 and Settlement Agreement (the "Settlement Agreement"), whereby EverBank would pay Grace $5,000, rescind the foreclosure sale, and modify the payment terms of her existing loan. Doc. 51-1, Defs.' Ex. D, Settlement Agreement. Grace eventually defaulted on the modified loan as well, leading EverBank to foreclose on the Property a second time, on September 3, 2013. Doc. 51-1, Defs.' Ex. E, Substitute Trustee's Deed. Before EverBank's foreclosure, however, Grace's homeowner's association, the Bois Du Chene Homeowner's Association (the "HOA"), also foreclosed on the Property and sold it at a foreclosure sale. Doc. 51-1, Defs.' Ex. H, Foreclosure Deed.

Grace filed this action in October 2013, asserting a claim for breach of the Settlement Agreement, a suit to quiet title, and an action in trespass to try title. Doc. 42-1, Pl.'s Ex. 1A, Original Pet. She also sought declaratory and injunctive relief. *Id.* The parties each moved for summary judgment (Docs. 30, 37), and the Court disposed of Grace's breach of contract claim, as well as her requests for injunctive and declaratory relief. Doc. 61, Mem. Op. & Order. The Court noted, however, that the record was unclear as to whether EverBank had redeemed the Property from the HOA after the latter foreclosed on it. This fact is material because, if EverBank had indeed redeemed the Property, "Plaintiff would have superior title to the Property should she succeed in proving a defect in EverBank's title." *Id.* at 10. Conversely, title would revert to the HOA in the event that the property had not been redeemed and EverBank's title was found to be defective. The Court therefore allowed Defendants to supplement their Motion for Summary Judgment to clarify whether EverBank

had redeemed the Property. They have now done so, and the supplemented Motion is ripe for decision.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant ultimately bears the burden of proof at trial, however, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

III.

ANALYSIS

The issue before the Court is whether it should grant summary judgment on Grace's suit to quiet title and action in trespass to try title. In support of their Motion, Defendants have provided the HOA's Condominium Declaration, which grants it a lien on a unit owner's property if she fails to pay the HOA's assessments. Doc. 63-1, Defs.' Ex. L, Condo. Decl. ¶ 5.8(a). That Declaration also authorizes the HOA to enforce this lien through a nonjudicial foreclosure sale. *Id.* ¶ 5.8(b). Texas law provides a statutory right of redemption for a unit owner in the event of such a foreclosure; that right, however, must be exercised within ninety days of the foreclosure sale. Tex. Prop. Code § 82.113(g). Although Grace filed an affidavit with the county clerk evincing an intent to redeem the Property, it is undisputed that she never did so. *See* Doc. 51-1, Defs.' Ex. K, Prop. Redemption Aff.; Doc. 64, Pl.'s Resp. 3–4. Regarding whether EverBank redeemed the Property, Defendants have submitted the Declaration of Bradley R. Lee, an Assistant Vice President for EverBank. Doc. 63, Ex. M, Decl. of Bradley R. Lee. In the Declaration, Lee states that EverBank did not redeem the Property from the HOA. *Id.* ¶ 3. Grace does not rebut this assertion, and in fact concedes that there would be no reason for EverBank to redeem the property, because its interest was superior to the HOA's assessment lien. Doc. 64, Pl.'s Resp. 3–4. Nonetheless, Grace argues, the Court should deny summary judgment on her claims because (1) her attorney never received notice that EverBank was accelerating the loan or of the foreclosure sale, thereby rendering EverBank's foreclosure voidable; and (2) the fact that the HOA also foreclosed on the property is immaterial because Grace has only

sued Fannie Mae.[1] *Id.* at 2–4.

The Court observes that Defendants' supplement and Grace's response have definitively resolved the question presented in the Court's Memorandum Opinion and Order: whether EverBank redeemed the Property from the HOA. It did not. At the time EverBank executed the second foreclosure, then, the HOA was the title owner of the Property. Therefore, even if EverBank's foreclosure was defective, title would revert to the HOA, rather than Grace. Far from being a "red herring," as Grace contends, this fact is dispositive. To prevail on either a quiet title claim or an action in trespass to try title, Grace would have to prove that she in fact has some interest in the Property. *See Vernon v. Perrien*, 390 S.W.3d 47, 60–61 (Tex. App.—El Paso 2012, pet. denied). The HOA's foreclosure and sale (the validity of which Grace does not contest), combined with Grace's failure to redeem the Property within the statutory period, extinguished her interest. The record evidence thus demonstrates conclusively that Grace "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. Defendants are therefore entitled to judgment as a matter of law on her quiet title and trespass to try title claims. *Id.* at 322–23.[2]

---

[1] Grace also asserts that Defendants' alleged breach of the Settlement Agreement supports her remaining claims. Doc. 64, Pl.'s Resp. 4–5. The Court has already concluded that Defendants did not breach the Settlement Agreement, and it declines Grace's invitation to revisit that decision. It therefore will not consider this argument in reaching its decision.

[2] Grace's other argument, that the second foreclosure was defective because her lawyer did not receive notice of the loan's acceleration or the foreclosure sale, is meritless. Absent a duty imposed by the deed of trust, only a party to the deed is entitled to notice of a foreclosure sale or that a loan is being accelerated. *See Stanley v. CitiFinancial Mortg. Co., Inc.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied) (citing *Am. Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 588 (Tex. 1975)). Grace was the only party to the deed (other than the lender), and the deed itself does not require that notice be sent to her lawyer. Doc. 42-1, Pl.'s Ex. 1A, Deed of Trust ¶ 22.

IV.

CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants EverBank's and Fannie Mae's supplemented Motion for Summary Judgment.

**SO ORDERED.**

**SIGNED: November 4, 2015.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE