UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GAIL A. GRACE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:13-CV-4563-B |
| § | |
| EVERHOME MORTGAGE § | |
| COMPANY, FEDERAL NATIONAL § | |
| MORTGAGE ASSOCIATION, and § | |
| HUGHES WATTERS ASKANASE LLP, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Gail A. Grace's Motion to Reconsider and Motion to Alter, Amend, or Vacate Judgment and Memorandum in Support (Doc. 69). For the reasons that follow, the Court **DENIES** the Motion.

### I.

### BACKGROUND

This is a mortgage foreclosure case in which Plaintiff Gail A. Grace ("Grace") is suing Defendants EverBank[1] and Federal National Mortgage Association ("Fannie Mae") for foreclosing on her home before mediating their dispute with her, as she contends their previous settlement agreement required. Doc. 1-2, Original Pet. ¶¶ 14–18. The Court granted summary judgment in Defendants' favor on Grace's breach of contract claim on September 2, 2015. Doc. 61, Mem. Op. & Order. After granting summary judgment for Defendants on her other claims as well, the Court

---

[1] EverBank is the successor by merger to EverHome Mortgage Co.

entered a final judgment on November 5, 2015. Doc. 66, Mem. Op. & Order; Doc. 68, Final J.

Grace filed the instant Motion on December 2, 2015, within the twenty-eight day window allowed by Federal Rule of Civil Procedure 59(e) for motions to alter or amend a judgment. Doc. 69, Pl.'s Mot. to Reconsider. Defendants filed their response, and Grace has filed a reply. Doc. 70, Defs.' Resp.; Doc. 71, Pl.'s Reply. The Motion is now ready for review.

## II.

## ANALYSIS

A Rule 59(e) motion to alter or amend a judgment challenges the "correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Reconsideration of a judgment after its entry is an extraordinary remedy," however, and is only available "to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Consequently, a court will not grant a Rule 59(e) motion that merely "rehash[es] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478–79. Likewise, a party may not "relitigate issues that were resolved to the [party's] dissatisfaction." *McKinney v. Thaler*, No. 3:12-CV-1105, 2013 WL 3243567, at *1 (N.D. Tex. June 27, 2013) (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989)). Ultimately, a court considering a motion to alter or amend a judgment must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts," keeping in mind that "Rule 59(e) favor[s] the denial of motions to alter or amend a judgment." *Id.* (internal quotation marks omitted) (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995); *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

Here, Grace does no more than re-urge the same arguments she made on summary judgment. She contends that the Court "failed to recognize that the plain language of the Settlement Agreement requiring mediation of disputes regarding the performance of the Settlement Agreement or any of its provisions was prospective. That is, the requirement to mediate disputes . . . persisted if a dispute arose in how the loan modification was implemented." Pl.'s Mot. to Reconsider 3. This effectively mirrors her assertion, in both her summary judgment brief and her response to Defendants' motion for summary judgment, that "Defendant breached the settlement agreement by foreclosing on the Property and attempting to evict [Grace] instead of attempting to resolve the dispute regarding the force-placed insurance by phone conference with the mediator." Doc. 38, Pl.'s Br. in Supp. 8; Doc. 41, Pl.'s Br. in Opp. 7. The Court remains unconvinced by this argument, and so concludes that its judgment reflects no manifest error of fact. With nothing else to rely on, Grace's Motion must fail.

### III.
### CONCLUSION

Based on the foregoing, the Court **DENIES** Grace's Motion to Reconsider and Motion to Alter, Amend, or Vacate Judgment.

**SO ORDERED.**

**SIGNED: February 26, 2016**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE